## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LATASHA FIELDS** | * | **CIVIL ACTION** |
| **Plaintiff** | * | **NO: 21-2098** |
| **Versus** | * | |
| **HARTFORD LIFE AND ACCIDENT** | * | **JUDGE:** |
| **INSURANCE COMPANY** | * | |
| **Defendant** | * | **MAGISTRATE:** |

## <u>COMPLAINT</u>

1.      The plaintiff, Latasha Fields ("Fields"), brings this action against defendant, Hartford

Life and Accident Insurance Company ("Hartford"), for benefits payable under a long-term

disability plan ("Plan") sponsored by her employer, Progressive Security Insurance Company.

2.      Besides being the insurer of the Plan, Hartford is also the sole entity responsible for

determining whether claims such as the plaintiff's should be paid. Accordingly, the defendant is

the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits

are payable. As the claim administrator, insurer, and fiduciary of the plan in which plaintiff

participated, the defendant is a proper party defendant in the matter *sub judice* wherein plaintiff

seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

3.      This Complaint challenges the defendant's: 1) unreasonable and unlawful denial of  long-

term disability income benefits despite the substantial medical evidence demonstrating her

qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence

supporting Fields' eligibility for benefits; 3) failure to provide Fields with a full and fair review

of her claim,; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Fields' claim.

4.      Fields is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify her rights under the terms of the Plan, and to recover costs, attorney's fees, and pre- and post-judgment interest as provided by ERISA.

5.      This Court has personal jurisdiction over the defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f) without regard to jurisdictional amount or diversity of citizenship. Venue is proper in this Court in that the Plan was administered in this district and the defendant's breach of its ERISA obligations occurred in this district.

6.      At the time Fields became disabled, she was employed as a claims adjuster and was a vested member of both the long-term disability plan offered by her employer.

7.      She became disabled due to back pain, neck pain, herniated disk, and shoulder pain.

8.      Fields' long-term disability claim denials and has therefore exhausted administrative remedies within the meaning of ERISA.

9.      The plaintiff has been disabled from her own occupation and from any occupation, since July 2017.

10.     The defendant failed to provide Fields with a full and fair review of her claim for benefits.

11.     Any discretion to which defendant may claim it is entitled under the Plan is negated by its failure to provide the plaintiff with a reasonable explanation as to its adverse action and a full and fair review of her claim for benefits.

12.     The defendant was motivated by its financial conflict of interest when it denied Fields'

claim for benefits.

13.     The Plan is a contract.

14.     Plaintiff has performed all of her obligations under the contract.

15.     33.29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

by a participant or beneficiary –

        "For the relief provided for in subsection (c) of this section, or to recover benefits due to

him under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his

rights to future benefits under the terms of the Plan."

16      The defendant's actions constitute an unlawful denial of benefits under ERISA, as

provided in 29 U.S.C. § 1132(a)(1)(B).

17.     The defendant unlawfully denied plaintiff's benefits in part by: (1) rejecting the

substantial evidence supporting plaintiff's claim; and (2) denying plaintiff a full and fair review

of the decision to deny her benefits.

18.     In accordance with 29 U.S.C. §1132, plaintiff is entitled to be paid benefits under the

Plan based upon her disabled status during her period of disability.

19.     The defendant has refused to provide plaintiff with these disability benefits and is,

therefore, in breach of the terms of the Plan and ERISA.

20.     As a direct and proximate result of this breach, plaintiff has lost the principal and the use

of her rightful long-term disability benefits.

21.     Under the standards applicable to ERISA, plaintiff deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. Section 1132(g).

22.     The defendant has the ability to satisfy the award.

23.      The defendant acted in bad faith in denying plaintiff's benefits under the Plan. The award of attorneys' fees against the defendant will deter the defendant and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

24.     To the extent any of the disputes between Fields and the defendant arising under the Plan are not governed by and/or preempted by ERISA, plaintiff reserves all rights and remedies available to her under the Louisiana law of contracts, Louisiana insurance law, the Louisiana Civil Code, and the Louisiana Revised Statutes.

25.     WHEREFORE, the plaintiff respectfully prays that the Court:

A.     Declare, adjudge, and decree that plaintiff is entitled to long-term disability benefits as calculated under the terms of the Plan for the pendency of disability;

B.     Award plaintiff the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

C.     Award plaintiff the costs of this action and reasonable attorneys' fees;

D.     Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin

DAVID C. PELLEGRIN, T.A. (La Bar # 34957)
3500 North Hullen Street
Suite 17D
Metairie, LA 70002
email: dpellegrin@pellegrinfirm.com
phone: 504-405-3245
fax: 1-866-651-8738
Attorney for Plaintiff